## STATE OF MAINE *vs.* EDWARD A. WINSLOW et al.

### Lincoln.    Opinion February 8, 1907.

*Testimony, objections thereto.    Exceptions.    Practice.*

Objections to testimony, to be available upon exceptions, must be specific. Where a bill of exceptions states that " the charge is to be referred to as to what was said by the presiding Justice instead of the paragraphs quoted in the exceptions," and no part of the charge is printed or presented to the Law Court, the exceptions to the charge cannot be sustained.

On exceptions by defendants.    Overruled.

The defendants after conviction and sentence in a trial justice court on search and seizure process, appealed to the Supreme Judicial Court where they were again convicted. They then filed the following bill of exceptions:

" The State offered evidence to show the defendants' guilt that upon the premises searched was a bar and empty glasses which evidence was objected to by defendant but allowed by the court.

"The defendants also except to the following in the Judge's charge to the jury : ' If you see a man with a scythe upon his shoulder going into a field in the middle of July you would assume that he was going to mow. When you find two barrels of empty beer bottles upon the premises searched what is the presumption ?'

" The evidence, writ, charge of the Judge to be made a part of these exceptions, the charge to be referred to as to what was said by the presiding Justice instead of the paragraphs quoted in the exceptions."

The evidence in the case and the charge of the presiding Justice were neither printed nor furnished to the Law Court.

*Weston M. Hilton,* County Attorney, for the State.·

*L. M. Staples,* for defendants.

SITTING : EMERY, C. J., WHITEHOUSE, SAVAGE, POWERS; PEABODY, JJ.

POWERS, J.    This is a bill of exceptions.

The first matter stated in the exceptions is that at the trial of the defendants on a search and seizure process evidence was admitted, against the defendants' objection, that upon the premises searched was a bar and empty glasses.   Objections to testimony, to be available upon exceptions, should be specific.   *Harriman* v. *Sanger,* 67 Maine, 442.   Indeed the counsel for the defendants seems to have had this rule in mind, as he does not state in his exceptions that he excepts to the ruling of the presiding Justice admitting the evidence nor ask that any exception be allowed thereto.   It may however be a satisfaction to the defendants to know that the evidence was clearly admissible for the purpose of showing the intent with which the liquors seized were kept by them.   *State* v. *Burroughs,* 72 Maine, 480.

The rest of the exceptions relate to what is there alleged to be a part of the charge of the presiding Justice.   It is stated in the exceptions that the evidence and charge are made a part of the exceptions, "the charge to be referred to as to what was said by the presiding Justice instead of the paragraphs quoted in the exceptions." Neither the evidence nor the charge is printed.   Exceptions have never been allowed to the alleged part of the charge contained in the bill of exceptions.   That part of the charge to which exceptions were allowed the defendants have not presented to the court.   Under such circumstances there is nothing before the court for its consideration.

*Exceptions overruled.*